UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN WHITAKER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 16-cv-11329-IT |
| | * |
| KEYPOINT GOVERNMENT | * |
| SOLUTIONS, INC. and JAMES | * |
| ELLIOTT, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

January 12, 2018

TALWANI, D.J.

Pending before this court is Defendants KeyPoint Government Solutions, Inc. ("KeyPoint") and James Elliott's Motion for Summary Judgment [#31], which seeks summary judgment on the remaining two claims asserted by Plaintiff Sean Whitaker in the Amended Complaint [#2].[1] Plaintiff opposes Defendants' motion with respect to Count I, violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, but does not oppose the motion with respect to Count II, violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* For the reasons set forth below, Defendants' Motion for Summary Judgment [#31] is ALLOWED.

---

[1] This court previously allowed Defendants' unopposed motion to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim (Count III). Elec. Order [#26].

I. Relevant Material Facts[2]

In February and June 2015, with KeyPoint's approval, Whitaker took two separate military leaves of absence. Defs.' SOF ¶¶ 18-19 [#33].

In early October 2015, Elliott submitted for review a matter relating to Whitaker's work to Keypoint's Integrity Assurance Division ("Division"). Id. ¶¶ 39-40; see also Pl.'s Statement Material Facts ("Pl.'s SOF") ¶ 2 [#38]. The Division investigated Plaintiff's work and pursuant to its contract with the federal Office of Personnel Management ("OPM"), submitted the results of that investigation to OPM. Defs.' SOF ¶ 43-45 [#33].

At 12:30 p.m. on February 26, 2016, the Division advised Elliott that OPM had completed its review of the Division's report, that OPM did not request any additional re-working of Whitaker's investigations, and that Elliott could discuss the Division's findings with Whitaker and provide additional training. Id. ¶ 47; Pl.'s SOF ¶ 4 [#38].

At 12:37 p.m. that same day, Whitaker notified Elliott about upcoming military leave requests for March 12-24 and April 15-30, 2016. Defs.' SOF ¶ 48 [#33]. Elliott replied "Ok – just forward me whatever orders you have when you get them." Id. ¶ 49.

Approximately forty minutes later, Elliott emailed Human Resources stating that he planned to issue a written final warning and performance improvement plan ("PIP"). Pl.'s SOF ¶ 5 [#38].

---

[2] Plaintiff did not respond to Defendant's Statement of Undisputed Material Facts In Support of Defendants' Motion for Summary Judgment ("Defs.' SOF") [#33], and Plaintiff's counsel conceded during oral argument that the court must accept those facts as true. See D. Mass. Local R. 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.")

On February 29, 2016, Elliott sent the PIP to his supervisor, the Division, and Human Resources. Id.; Defs.' SOF ¶ 53 [#33]. He also scheduled a telephone call with Whitaker to outline additional training. Id. ¶ 51.

On March 2, 2016, Elliott and Whitaker spoke by telephone, and Elliott advised Whitaker that he would receive a PIP. Id. ¶ 55. KeyPoint management was also present during this telephone call. Id. At 12:10 p.m. that same day, shortly after their telephone call, Elliott emailed Whitaker a copy of the PIP, stating "I am offering to provide you with my support in correcting these issues," and "I will monitor your performance closely and give you relevant feedback and coaching. I will meet with you daily to discuss and evaluate your performance and progress. I will also be available to answer your questions and provide assistance as needed. I will rely on you to inform me of your questions and need for assistance." Id. ¶¶ 56-57. Elliott and Whitaker did not have any further conversations after this telephone call. Id. ¶ 74.

The PIP included several check-in dates during the period in which Whitaker was to complete certain performance improvement milestones. Id. ¶ 58. The first check-in date, March 16, 2016, fell within the first military leave of absence Whitaker had requested. Pl.'s SOF ¶ 6 [#38].

On March 3, 2016, Whitaker advised Elliott that he had concerns with the PIP that he would communicate at a later date. Defs.' SOF ¶ 59 [#33]. After Elliott notified Human Resources of Whitaker's concerns, Human Resources told Whitaker that he could express his concerns both in writing and during training with Elliott. Id. ¶¶ 59-60. Whitaker also took a "comp day" that day, in response to a family emergency. Id. ¶ 61. He never returned to work. Id.

On March 7, 2016, at 12:22 p.m., Elliott emailed Whitaker regarding the beginning of Plaintiff's remedial training. Id. ¶ 62. At 2:00 p.m. that same day, Whitaker resigned his

employment, stating that "due to the actions taken by [Elliott] and [Keypoint], this situation has become unsalvageable since regardless of any outcome, a hostile working environment has been created for me . . . ." Id. ¶¶ 63, 65.

Elliott accepted Plaintiff's resignation on March 8, 2016. Id. ¶ 66. Whitaker's effective date of separation was March 9, 2016. Id. ¶ 73.

II. Summary Judgment Standard

In resolving a motion for summary judgment, the court takes all properly supported evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Patco Constr. Co. v. People's United Bank, 684 F.3d 197, 206-07 (1st Cir. 2012) (internal quotation marks and citations omitted).

III. Analysis

Defendants assert that the PIP was not an adverse employment action, Plaintiff has failed to show that his request for military leave and upcoming service were a motivating factor in Defendants' decision to issue the PIP, and Plaintiff has not shown his entitlement to damages. The court need not reach the first two arguments, as Defendants prevail on the third.

Under USERRA, a court may (1) "require the employer to comply with" USERRA, (2) "require the employer to compensate the person for any loss of wages or benefits suffered by reason of" the USERRA violation, or (3) if the court believes the violation was "willful," award liquidated damages "equal to the amount" awarded in lost wages or benefits. 38 U.S.C.

4

§ 4323(d)(1)(A)-(C). Here, Plaintiff has not asked the court to require KeyPoint's compliance with USERRA. Thus, the only remedies available to him are lost wages and/or liquidated damages equal to lost wages for a willful violation.

Plaintiff rests his entitlement to damages on a theory of constructive discharge. See Figueroa Reyes v. Hosp. San Pablo del Este, 389 F. Supp. 2d 205, 213 (D.P.R. 2005) (stating that a claim of constructive discharge "is cognizable under USERRA"). Plaintiff asserts that his military service obligations "made it impossible for him to meet the terms of the PIP and avoid immediate discharge." Pl.'s Opp'n Defs.' Mot. Summ. J. 5 [#37]. But he never requested any modification to the PIP, either in milestones or dates set, before his resignation, and therefore cannot demonstrate that it was "impossible" to avoid discharge.

A claim for constructive discharge more "typically 'refers to harassment so severe and oppressive that staying on the job while seeking redress—the rule save in exceptional cases—is intolerable.'" Gerald v. Univ. of P.R., 707 F.3d 7, 25 (1st Cir. 2013) (quoting Lee–Crespo v. Schering–Plough Del Caribe, Inc., 354 F.3d 34, 45 (1st Cir. 2003)). To "withstand summary judgment" on a theory of constructive discharge based on harassment, a plaintiff "must point to evidence in the record" demonstrating "'working conditions so intolerable that a reasonable person would have felt compelled to resign.'" Id. (quoting Pa. State Police v. Suders, 542 U.S. 129, 147 (2004)) (other citations omitted). "The standard to meet is an objective one, 'it cannot be triggered solely by an employee's subjective beliefs, no matter how sincerely held.'" Id. (quoting Roman v. Potter, 604 F.3d 34, 42 (1st Cir. 2010)). Here, although Plaintiff may have subjectively believed that the PIP created intolerable working conditions, the PIP itself does not support a claim that an objectively reasonable person in his position "would have felt compelled

to resign." See Gerald, 707 F.3d at 25. Accordingly, Plaintiff's USERRA claim cannot survive summary judgment.

IV.     Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment [#31] is ALLOWED.

IT IS SO ORDERED.

January 12, 2018                                /s/ Indira Talwani
                                                United States District Judge

6